**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSHUA LEE GUTHRIE,

    Plaintiff,

v.                                                                       Case No. 18-13784

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                   /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION,
GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This is a Social Security appeal stemming from the denial of disability benefits. The case was referred to Judge Stephanie Dawkins Davis for recommended disposition of the cross motions for summary judgment filed by Plaintiff Joshua Guthrie and Defendant Commissioner of Social Security. Before the court is a Report and Recommendation ("R&R") issued by Judge Davis, which recommends granting the Commissioner's motion for summary judgment. Plaintiff filed two objections to the R&R. After reviewing the R&R and the relevant papers, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objections, deny Plaintiff's motion, grant the Commissioner's motion, and adopt the R&R in full.

### I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff first argues that Judge Davis erred in reaching the proposed finding that some of the additional evidence submitted by Plaintiff does not constitute "new evidence" under sentence six of 42 U.S.C. § 405(g). Sentence six of § 405(g) authorizes the reviewing court to:

> order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding, and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both.

42 U.S.C. § 405(g). Remand under § 405(g) is appropriate only if the plaintiff presents additional evidence that is "'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010).

Plaintiff offered several additional documents to the Appeals Council which he did not present to the ALJ at his September 2017 hearing. Judge Davis disagreed with the Commissioner's position regarding what constitutes "new" evidence but

2

nevertheless reached the proposed finding that some of Plaintiff's additional evidence, i.e., evidence created before Plaintiff's administrative hearing, did not constitute "new" evidence under § 405(g) because Plaintiff never explained why he failed to present the evidence at his hearing. In his objections, Plaintiff offers no justification for why he failed to present the evidence but rather asserts that the Judge Davis erroneously considered this issue because the Commissioner did not himself advance the argument. The court finds no error with the analysis of the R&R in this respect. Regardless of the specific argument advanced by the Commissioner, Plaintiff bears the ultimate burden to prove a "reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *ALJ. Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (1984). The court agrees with the analysis of the R&R that Plaintiff failed to carry this burden with respect to the additional evidence created before his administrative hearing. The court will overrule his first objection.

### B. Plaintiff's Second Objection

Next, Plaintiff argues that Judge Davis erred in reaching the proposed finding that Plaintiff's neurology records from October 27, 2017, through January 5, 2018, were not material. According to Plaintiff, these records provide a diagnosis for his knee pain, Saphenous Neuropathy. (ECF No. 20, PageID.675.) Judge Davis reasoned that even if the records do constitute a definitive diagnosis, they were not material because they did not suggest that Plaintiff was more limited than the ALJ found him to be nor do they impose new or additional work restrictions on Plaintiff. (ECF No. 19, PageID.660.) Plaintiff argues that the new records are material because they further corroborate his

3

subjective complaints of pain. (ECF No. 20, PageID.676.) But even assuming that these records do corroborate Plaintiff's complaints, they do not create a "reasonable probability that the Secretary would have reached a different disposition of the disability claim" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)) because Plaintiff's subjective complaints of pain were just one of many factors considered by the ALJ.[1] The ALJ accepted that Plaintiff suffered from knee pain and some physical limitations. (ECF No. 11-2, PageID.53.) But the ALJ ultimately concluded that Plaintiff was not disabled based on his self-reported pain assessments, his inconsistent statements about his abilities, his activities of daily living, and the no-disability findings of both Plaintiff's orthopedic surgeon and the State agency consultant. (ECF No. 11-2, PageID.53–54; ECF No. 19, PageID.658–59.)

Not every diagnosable impairment is necessarily disabling, so the mere presence of a condition does not establish that Plaintiff is disabled. *See Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)). The new neurological records provide a possible diagnosis for Plaintiff's knee pain but do not suggest any additional limitations on Plaintiff nor propose that Plaintiff is totally disabled. (ECF No. 11-2, PageID.63–74.) Accordingly, the court agrees with the recommendation in the R&R that the medical records are not material because

---

[1] The court recognizes that certain statements made by the ALJ during the administrative hearing likely gave Plaintiff the false impression that his disability claim would be allowed. However, it is the ALJ's final written opinion, not statements made during the hearing, which are the focus of this court's inquiry.

they do not suggest greater limitations than those assessed by the ALJ. The court will overrule Plaintiff's second objection.

### III. CONCLUSION

For the reasons stated above, the Plaintiff has not pointed to a sufficient legal basis to depart from the analysis of the R&R. The court will overrule Plaintiff's objections and adopt the R&R in full.  Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 20) are OVERRULED and that the Report and Recommendation (ECF No. 19) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED.

s/Robert H. Cleland         /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2020, by electronic and/or ordinary mail.

s/Lisa G. Wagner         /<br>
Case Manager and Deputy Clerk<br>
(810)292-6522

S:\Cleland\Cleland\HEK\Civil\18-13784.GUTHRIE.ss.R&R.HEK.RHC.2.docx